IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EARL R. MAXWELL                                                                                          PLAINTIFF

v.                                      Civil No. 07-2050

JOHN JOPLIN, Public Defender                                                                DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Earl Ray Maxwell filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983 on May 31, 2007. He proceeds pro se and *in forma pauperis.* The case is before the undersigned for a determination of whether service of process should issue.

### DISCUSSION

Maxwell alleges John Joplin, his public defender, failed to adequately represent him and failed to file an appeal. As a result, Maxwell contends he has been confined since April 18, 2007.

To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. In *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, Maxwell has failed to state a cognizable claim under § 1983. *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

## CONCLUSION

I recommend that this action be dismissed for failure to state a claim and because it is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i)- (iii) (in forma pauperis action may be dismissed on such grounds at any time).

**Maxwell has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Maxwell is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of June 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)